UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY T.,<br><br>         Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>         Defendant. | Case No.: 24-cv-00719-JLB<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 14]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant To 28 U.S.C. § 1920 ("Joint Motion"). (ECF No. 14.) For the following reasons, the Joint Motion is **GRANTED IN PART**.

**I.   BACKGROUND**

On April 22, 2024, Plaintiff Rudy T. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner"), denying his application for benefits under the Social

Security Act, Titles II and XVI. (ECF No. 1.) The Commissioner filed the Administrative Record on June 21, 2024. (ECF No. 9.)

On July 9, 2024, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 11.) The Court granted the joint motion, remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and directed the Clerk of Court to enter a final judgment in favor of Plaintiff, reversing the final decision of the Commissioner. (ECF No. 12.)

On October 3, 2024, the parties filed the present Joint Motion requesting the Court award Plaintiff attorney fees and expenses in the amount of $1,499.37. (ECF No. 14 at 1.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

## II. THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s 60-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

Here, judgment was entered on July 10, 2024. (ECF No. 13.) The parties filed the Joint Motion on October 3, 2024, within thirty days after the 60-day appeal period had expired. (ECF No. 14.) The Court therefore finds the Joint Motion timely.

## III. DISCUSSION

A litigant is entitled to attorney's fees under the EAJA if: "[A] he is the prevailing party; [B] the government fails to show that its position was substantially justified or that

special circumstances make an award unjust; and [C] the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).  The Court will address these elements in turn.

### A.  Prevailing party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–98, 301–02).  Here, Plaintiff is the prevailing party because the Court granted the joint motion for voluntary remand, entered judgment in his favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings.  (*See* ECF Nos. 11, 12.)

### B.  Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A).  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  Here, the Commissioner makes no argument that his position was substantially justified.  Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the court by way of a joint motion.  *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018).  In *Ulugalu*, the court found that the Commissioner did not demonstrate substantial justification for her position due to the very fact that she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability—as did the Commissioner in this action.  *Id.*

The parties stipulate in their Joint Motion that "[t]his stipulation constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees, expenses, and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA

or otherwise." (ECF No. 14 at 2.) This, however, does not change the nature or circumstances of the instant request. Despite the disclaimer, "the compromise nature of the request is sufficient to find the second element met, given that 'Defendant has stipulated to the attorney[ ] fees and does not argue that the prevailing party's position was substantially unjustified.'" *Dana F. v. Kijakazi*, No. 20-cv-01548-AHG, 2022 WL 542881, at *2 (S.D. Cal., Feb. 23, 2022) (quoting *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. Jun. 21, 2018)). For these reasons, the Court finds that Plaintiff meets the second requirement.

### C. Reasonableness of Hours

The parties attach Plaintiff's counsel's itemized list of hours and rates for this matter to the Joint Motion. (ECF No. 14-1.) This list includes the hours billed and hourly rates for attorney and paralegal work in this matter. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court will discuss each in turn.

Beginning with the attorney hours billed on this matter, Plaintiff's counsel lists a total of 4.3 hours of attorney work, at a rate of $244.62 per hour. (ECF No. 14-1.) "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds the 4.3 total hours billed by Plaintiff's counsel to be reasonable, especially in light of Plaintiff's results in the case.

Plaintiff further asserts 2.5 hours of paralegal work on this matter. (ECF No. 14-1.) Under the EAJA, attorney's fees should not be awarded for work on merely clerical tasks, including when completed by paralegals. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate."); *see Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Rosemary G. V. v. Saul*, No. 3:19-

CV-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) (". . . time spent by a paralegal on clerical matters is not recoverable, as this is to be subsumed in law firm overhead rather than billed at paralegal rates") (citing *Nadarajah*, 569 F.3d at 906). Purely clerical tasks include "filing, transcript, and document organization." *Nadarajah*, 569 F.3d at 921; *see also Rosemary G. V.*, 2020 WL 6703123, at *4 ("Receipt of a court order or case filing is also clerical in nature." (internal citations omitted)). Such tasks also include drafting and preparing documents related to service of process. *Stella M. v. Kijakazi*, 22-cv-00109-AHG, 2023 WL 8238984 at *3 (S.D. Cal., Apr. 27, 2023) (quoting *Henderson v. Comm'r of Soc. Sec.*, 1:20-cv-0562-JLT, 2021 WL 2457540 at *3 (E.D. Cal. Jun. 16, 2021). Here, the Court has reviewed the description of tasks completed by the paralegals in this matter and finds that the tasks identified are sufficiently substantive as to not be purely clerical.

### D. Reasonableness of Hourly Rate

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Nadarajah*, 569 F.3d at 911. The statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62. *See* United Sates Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Oct. 4, 2024). When no new rate has been posted for the time period in which work was performed, the courts are to apply the rate for the previous period. *Id.* As no new rate has been posted for 2024, the Court will rely on the 2023 rate.

Here, Plaintiff's counsel's hourly rate matches exactly the Ninth Circuit's EAJA hourly attorney rate. (ECF No. 14-1.) Accordingly, the Court finds that the hourly rate billed by counsel is reasonable. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL

4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

The Court finds, however, that Plaintiff's paralegal rates are not reasonable. Plaintiff assigns an hourly rate of $179.00 for paralegal work. (ECF No. 14-1.) District Courts in the Southern District of California have found an hourly rate of $143.00 reasonable for paralegals and have reduced paralegal rates that are even slightly above that. *See Jacqueline Q. v. Kijakazi*, No. 3:21-cv-00405-AHG, 2022 WL 17884451, at *3 (S.D. Cal. Dec. 23, 2022) (reducing the requested paralegal rate of $150.00 per hour to $143.00 per hour); *Roland*, 2021 WL 4081567, at *3; *Victoria C. v. Kijakazi*, 3:23-cv-01030-JLB, 2023 WL 5737788, at *3 (S.D. Cal. Sept. 5, 2023). The Joint Motion provides no support or argument for the Court's deviation from this rate. Therefore, the Court will not deviate from the accepted local rate and accordingly reduces the paralegal rate to $143.00 per hour.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the parties' Joint Motion. Considering the Court's rate reduction as described above, the Court **AWARDS** Plaintiff fees in the amount of $1,409.37 which is calculated as follows: 4.3 hours of attorney work at a rate of $244.62 per hour, for a total of $1,051.87; and 2.5 hours of paralegal work at a rate of $143.00 per hour, for a total of $357.50. This amounts to a **total** of $1,409.37.

**IT IS SO ORDERED.**

Dated: October 9, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge